THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WOBIAO LEI, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. CR20-0171-JCC<br><br>ORDER |

This matter comes before the Court on the parties' partially stipulated motion to continue trial to June 27, 2022. (Dkt. No. 194).[1] Collectively, Defendants are charged by Second Superseding Indictment with multiple counts of conspiracy to distribute controlled substances and with related crimes. (*See* Dkt. No. 129.) Trial is scheduled for November 8, 2021. (*See, e.g.*, Dkt. Nos. 184, 189.) This is a complex case involving ten charged defendants, eight of whom have been arrested and arraigned. (*See* Dkt. No. 129.) Production to date is voluminous. It

---

[1] All but two of the arrested and arraigned defendants in this matter join in the motion. (*See* Dkt. No. 194 at 8). Yi Jun Chen has pleaded guilty, (*see* Dkt. Nos. 148, 152, 193), so does not join. Nor does Defendant Chee Choong Ng, who opposes and moves to sever, arguing that continuing trial would prejudice him. (*See* Dkt. No. 195 at 4–5.) But the prejudice Mr. Ng identifies is financial harm stemming from an extension of the conditions of his pre-trial release. (*Id.*) This is not the kind of prejudice which the Court views to be legally significant. *See U.S. v. Vasquez-Velasco*, 15 F.3d 833, 846 (9th Cir. 1994) (defendant seeking severance has burden of demonstrating that, without severance, the right to a fair trial would be denied). Accordingly, Defendant Ng's motion to sever is DENIED.

includes more than 300,000 pages of reports, photographs, seized documents, financial records, and other materials. (Dkt. No. 194 at 3.) As a result, the Court previously appointed a discovery coordinator in this case. (*See* Dkt. No. 92.) In addition, many of the defendants have changed counsel at least once over the course of this case. (*See, e.g.*, Dkt. Nos. 75, 77, 94.) Moreover, trial preparation has been hampered by the COVID-19 pandemic, as well as the need for translators to assist defense counsel in consulting with their clients. (*See* Dkt. No. 194 at 4–5.) As a result, the parties indicate that additional time is needed to review production, investigate the matter, and prepare for trial. (*Id.* at 5.)

Having thoroughly considered the motion and the relevant record, the Court FINDS that the ends of justice served by granting a continuance outweigh the best interests of Defendants and the public to a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

Taking into account the exercise of due diligence, the failure to grant a continuance would deny counsel for Defendants reasonable time necessary for effective preparation, *see* 18 U.S.C. § 3161(h)(7)(B)(iv), and would therefore result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i). This is particularly true here, given the complexity of the investigation and of the charges. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Moreover, the Court notes that a reasonable trial continuance as to any defendant tolls the Speedy Trial Act period as to all joined co-defendants, even those who object to a trial continuance or who refuse to submit a waiver under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(6); *United States v. Messer*, 197 F.3d 330, 337 (9th Cir. 1999).

Accordingly, the Court GRANTS the parties' motion (Dkt. No. 194) and ORDERS:

1. The November 8, 2021 jury trial is CONTINUED until June 27, 2022.
2. The pretrial motions deadline is CONTINUED until May 27, 2022.
3. The period from the date of this order June 27, 2022 is excludable under 18 U.S.C. § 3161(h)(7)(A).

//

DATED this 24th day of September 2021.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE